# EXHIBIT A

Filed
D.C. Superior Court
05/18/2020 16:27PM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| Lucia De la Cruz<br>1266 Morse St N.E., # 101<br>Washington, D.C. 20002<br>&<br>Sandra Cruz<br>And her children<br>1266 Morse Street, N.E., #101<br>Washington, D.C. 20002<br>&<br>Ana de Valdez and Brenda Valdez<br>4708 3rd Pl. N.W. # 1<br>Washington DC 20011<br><br>Plaintiffs<br><br>/vs./<br><br>Christopher A. Alexander<br>5 Stone Brook Dr.,<br>Ivoryton, CT 06442<br>&<br>Eric A. Alexander<br>11103 Hudee Court<br>Bowie MD 20721<br>Respondents | * | 2020 CA 002544 B<br><br><br>Jury Demand |

### COMPLAINT FOR NEGLIGENCE, NEGLIGENCE PER SE, BREACH OF CONTRACT AND PROPERTY DAMAGES, VIOLATION OF CONSUMER PROTECTION LAWS, CONSTRUCTIVE EVICTION AND EMOTIONAL DISTRESS

Comes now, Plaintiffs, by and through their attorney, B. Marian Chou, files this complaint against Defendants. They state as follows:

## PARTIES

1. All plaintiffs were the tenants of the Defendants for years. Lucia de La Cruz, occupied in the unit #3; Sandra Cruz, occupied unit #1 and Ana de Valdez and Brenda Valdez occupied unit #4. The building is located at 4630 New Hampshire Ave., N.W., Washington, D.C. 20011 (hereby refers as "the property").

2. Upon information and belief, the owner of the units is Defendant Christopher Alexander (hereafter refer as C.A.) on the D.C. deed office record. Mr. Christopher Alexander might be the son or related to of Eric Alexander.

3. In fact, the de facto owner is Eric Alexander (hereafter refer as E.A.) Mr. Eric Alexander shows the property, signs the leases, maintains the rental properties and presents himself as landlord with all tenants over the years.

4. Mr. E.A. always presents himself as the landlord and signs all documents and maintains the property as the landlord for the property.

5. Mr. C.A. maintains his business license over the years and uses the 46320 New Hampshire Ave., property address as his own business address. Mr. E.A. aovids the D.C. rent control by putting his son's name on the deed.

6. All the tenants were displaced by fire, the landlords did not provide any temporary housing nor offered any stipends to any tenant at all. All the tenants were forced to locate their current housing.

## JURISDICTION AND VENUE

7. The apartment building that Plaintiffs were living in is located at 4630 New Hampshire Ave., N.W., Washington, D.C. 20011.

8. Jurisdiction is vested in this Court pursuant to D.C. Code Section 11-921.

## COUNT I - NEGLIGENCE

9. The Plaintiffs, incorporate the above statements of all the preceding counts and paragraphs, as if the same were set forth herein. In addition, they state as follows:

10. On or about January 21, 2020, the Defendant's building was on fire. D.C. fire department sent out fire truck engines to demolish the fire.

11. The building had four units inside before fire.

12. Upon information and belief, none of the Plaintiffs contributed to the fire of the building.

13. D.C. fire department was called and came over to control and extinguish the fire. In the process to put off the fire, D.C. fire department had to break windows of units, doors, and roof and pour water into the units. The units were flooded and belongings were ruined.

14. Mr. Eric Alexander bought the building around July 6th, 1998. Mr. Christopher Alexander only applied for a business license, but never obtained required D.C. Certificate of Occupancy (C of O) from 1998 to 2020 fire date.

15. Upon information and belief, all Plaintiffs have lost their personal belongings to the fire, smoke and flood resulting from the fire engines, although they did savage some few items.

16. Upon information and belief, the de facto landlord, Eric Alexander, always conducts his maintenance work. Mr. Eric Alexander never showed any license to the Plaintiffs to qualify his job performance.

17. Upon information and belief, the fire started from basement which boiler was located.

18. Upon information and belief, the E.A. was the only person who maintained the major utilities and machines in the building over the years.

19. Upon information and belief, the fire was initiated from the basement under the unit #2 and extended to unit #2.

20. Upon information and belief, the fire was caused by electric wiring/miswiring and other unknown reasons.

21. E.A. is the *de facto* owner. E.A. conducted all the maintenance work on utilities and machines in the building. E.A. owes a duty to all tenants and he should maintain a safe and livable apartment building.

22. E.A's actions are below the standard of care a reasonable landlord should have towards his tenants.

23. E.A. should have hired a licensed HVAC technician/electrician to work on the boiler and/or other electric machines in the building and maintain the machines properly functioning in the building.

24. E.A.'s failure to properly maintain the building and/or fix the electrical wirings and/or other maintenance works in the apartment building resulted in a fire that destroyed the building, and personal possessions of the tenants.

25. All three Plaintiffs have no place to move in a such a tragic event and with no preparation to move into a new unit. The problem has been even more difficult due to the spread of corona virus and difficulty for tenants to obtaining funds to their new places, if they want to.

For the reasons stated above, the Plaintiffs request damages in the amount of one million dollars ($1,000,000) for each and every unit against the defendants jointly and severally.

## COUNT II – NEGLIGENCE PER SE

26. The Plaintiffs, incorporate the above statements of all the preceding counts and paragraphs, as if the same were set forth herein. In addition, they state as follows:

27. Upon information and belief, the Defendants have not obtained any certificate of occupancy over twenty two years on the building.

28. District of Columbia Municipal Regulation Section 12-A 110 General Requirement for Certificate of Occupancy provides that "Except as provided in Section 3203 of the Zoning Regulations, no person shall use any structure, land, or part thereof for any purpose, and no change in use or load shall be made, until a Certificate of Occupancy has been issued stating that the use complies with the applicable Zoning Regulations and the Construction Codes, including related building, electrical, plumbing, mechanical and fire protection requirements.

29. The purpose of a Certificate of Occupancy is to ensure that the use of a building, structure or land in the District of Columbia conforms to the Zoning Regulations (DCMR Title 11) provisions of the DC Construction Codes, and the Green Building Act.

30. Upon information and belief there was no certificate of occupancy obtained for the premises in question. It is blatant violation of D.C.M.R. and D.C. Code to protect tenants against such a slumlord. The landlord has not filed any certificate of occupancy since July 1998. They cannot prove that the units are suitable for tenants to live in over last twenty two years.

For the reasons stated above, the Plaintiffs request damages in the amount of one million dollars ($1,000,000) for each and every unit against the defendants jointly and severally.

## COUNT III – BREACH OF CONTRACT AND PROPERTY DAMAGES

31. The Plaintiffs, incorporate the above statements of all the preceding counts and paragraphs, as if the same were set forth herein. In addition, they state as follows:

32. At all times, Plaintiffs have paid their rent payments on time.

33. All Plaintiffs found out that their units were burned on January 21, 2020, through neighbors' phone calls and texting.

34. Plaintiffs were forced to evacuate their apartments due to the fire.

35. As of the filing of the complaint none of the tenants present in the apartment building are currently residing there despite the apartment building being rehabilitated from the damage that occurred. The landlord has not refunded the security deposit, either.

36. . The situation has been made worse due to the corona virus making it difficult for the tenants to live with family and pay for new housing.

37. Mr. E.A. has violated the lease agreement with the tenants in this case. Meanwhile, all the Plaintiffs have to go out to look for new unit and incur more rent payments.

38. One Plaintiff has been forced to stay at a hotel since they cannot move back into the apartment.

39. One of the Plaintiffs has been staying with family in a small house and sleeping on the floor.

40. It is clear the Plaintiffs in this case have suffered monetary damage and harm from the negligent acts of the *de facto* Landlord and owner Mr. E.A. as an agent for the owner C.A.

41. Mr. E.A. has another building in N. Cap. Street. The address is 5001 N. Capitol., N.E Washington, D.C. 20011

42. In fact, Mr. E.A. has at least six units under his control as landlord. On prior occasions, E.A. boasted that he had other buildings to his tenants. He should subject to rent control, but he evaded the D.C. rent control laws and put his son, C.A. as the owner of the building.

43. Over the years, Mr. E.A. increases the rent of different units at the rate he pleases, without regarding to the rent control.

44. All plaintiffs have suffered loss of personal properties; namely, all the belongings were smoked and water-logged. Those properties cannot be re-used at all. They have to replace all the damaged goods and food.

For the reasons stated above, the Plaintiffs request damages in the amount of one million dollars ($1,000,000) for each and every unit against the defendants jointly and severally. The Plaintiffs demand property damages for $20,000.00 per unit.

### COUNT IV – CONSTRUCTIVE EVICTION

45. The Plaintiff, incorporates the above allegations and facts of all the preceding counts and paragraphs, as if the same were set forth herein.

46. The Tenants at 4630 New Hampshire Ave., N.W., Washington, D.C. 20011 have been constructively evicted from their apartments.

47. The landlord demanded tenants to return the keys to them without providing any alternative housing or put them in proper housing. In other words, the tenants believed that they are being evicted after the fire. They are being victimzed by the fire twice.

For the reasons stated above, the Plaintiffs request damages in the amount of one million dollars ($1,000,000) for each and every unit against the defendants jointly and severally.

### COUNT V - VIOLATION OF CONSUMER PROTECTION LAWS

48. The Plaintiff, incorporates herein the pertinent allegations and facts of all the preceding counts and paragraphs, as if the same were set forth herein.

49. District of Columbia Code § 28-3904 regarding unfair or deceptive trade practices provides "It shall be a violation of this chapter for any person to engage in an unfair or deceptive trade practice, whether or not any consumer is in fact misled, deceived, or damaged thereby, including to: (a) represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have; (b) represent that the person has a sponsorship, approval, status, affiliation, certification, or connection that the person does not have; (d) represent that goods or services are of particular standard, quality, grade, style, or model, if in fact they are of another; (e) misrepresent as to a material fact which has a tendency to mislead;

50. Mr. E.A. has not obtained a certificate of occupancy as required by the District of Columbia.

51. Mr. E.A. has also represented that the building was safe for Plaintiffs to live on the premises despite the dangers of the electrical wiring malfunctioning.

52. Mr. E.A. has violated the consumer protection laws in the District of Columbia by failing to take care of the building properly and have up to code electrical wiring.

For the reasons stated above, the Plaintiffs request triple damages in the amount of one million dollars ($1,000,000) for each and every unit against the defendants jointly and severally.

## COUNT VI. EMOTIONAL DISTRESS

53. The children of Sandra Cruz have been traumatized by the fire.

54. The children are afraid to go to school, worrying about their home being on fire after the fire.

55. They need some psychological therapy sessions.

56. Due to pandemic, they could not go to school and receive therapy sessions.

57. The mother is searching for a new service to continue the service. She believes that they need more service to keep the emotional distress at bay.

For the reasons stated above, Sandra Cruz requests $100,000.00 for the emotional distress for each of her children.

### PRAYER

WHEREFORE, the Plaintiffs prays for judgment against Defendants jointly and severally for damages in the amount of one million dollars ($1,000,000) for each count specified above and treble damages for the Defendant's violation of consumer protection act in the District of Columbia.

### JURY DEMAND

Plaintiff demands a jury trial on their cause of action.

Respectfully Submitted,

/s/ *B. Marian Chou*

B. Marian Chou, Esq. (#433279)
Attorney for all Plaintiffs, Lucia de la Cruz
419 7th Street, N.W., #406
Washington, D.C., 20004
202-783-2794; 789-1186

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

Lucia de la Cruz, et al     Case Number: **2020 CA 002544 B**

vs

Eric Alexander, Christopher Alexander     Date: _____

☐ One of the defendants is being sued in their official capacity.

| Name: (Please Print) B. Marian Chou | Relationship to Lawsuit |
|---|---|
| Firm Name: Attorney at Law | ☒ Attorney for Plaintiff |
| Telephone No.: 202-783-2294   Six digit Unified Bar No.: DC 433279 | ☐ Self (Pro Se) ☐ Other: |

TYPE OF CASE: ☐ Non-Jury   ☒ 6 Person Jury   ☐ 12 Person Jury
Demand: $ 7,020,000.00 each PL     Other: Sandra's children $100,000.00/each child

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____  Judge: _____  Calendar #: _____
Case No.: _____  Judge: _____  Calendar #: _____

## NATURE OF SUIT: (Check One Box Only)

### A. CONTRACTS         COLLECTION CASES

☒ 01 Breach of Contract
☒ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
    Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
    Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
    Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
    Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
    Under $25,000 Consent Denied

### B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)
☐ 03 Destruction of Private Property
☐ 04 Property Damage
☐ 05 Trespass

### C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☒ 16 Negligence- (Not Automobile, Not Malpractice)

☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☒ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment
- [ ] 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

**II.**

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)
- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151.9 (a)]
- [ ] 20 Master Meter (D.C. Code § 42-3301, et seq.)
- [ ] 21 Petition for Subpoena [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1) (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

**D. REAL PROPERTY**

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)
- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_____  _____
Attorney's Signature         May 18, 2022
                             Date

CV-496/ June 2015



Superior Court of the District of Columbia
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Lucia de la Cruz, et al
_____
Plaintiff
vs.

Eric Alexander
_____
Defendant

Case Number   **2020 CA 002544 B**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

B Marian Chou
_____
Name of Plaintiff's Attorney

419 7th Street, N.W. Suite 406
_____
Address
Washington DC 20004

202-783-2794
_____
Telephone

Clerk of the Court

By _____

Date   **05/19/2020**

Veuillez appeler au (202) 879-4828 pour une traduction    Dê có một bài dịch, hãy gọi (202) 879-4828

(202) 879-4828

**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME_.**

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]   Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Lucia de la Cruz, et al
_____
                                        Plaintiff
                vs.

Eric Alexander & Christopher A. Alexander          Case Number  __2020 CA 002544 B__
TO: Christopher Alexander
_____
                                        Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

B. Marian Chou
_____
Name of Plaintiff's Attorney

419 7th, NW, Suite 406
_____
Address
Washington DC 20004

202-783-2794
_____
Telephone

Clerk of the Court

By _____

Date  __05/19/2020__

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                    Super. Ct. Civ. R. 4



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

LUCIA DE LA CRUZ et al
Vs.                                                              C.A. No.     2020 CA 002544 B
ERIC A. ALEXANDER et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge KELLY A HIGASHI
Date:  May 19, 2020
Initial Conference: 9:30 am, Friday, August 21, 2020
Location:  Courtroom JM-4
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin

CAIO-60